IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSON

| WOLFRAM RESEARCH, INC. and | ) |
|---|---|
| WOLFRAM ALPHA LLC | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. _____ |
| | ) |
| LODSYS, LLC | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Wolfram Research, Inc. ("Wolfram Research") and Wolfram Alpha LLC, ("Wolfram Alpha") (collectively, "Wolfram"), by and through its attorneys, for its complaint against Defendant Lodsys, LLC, ("Lodsys"), allege as follows:

## THE PARTIES

1. Plaintiff Wolfram Research is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 100 Trade Center Dr. Champaign, Illinois 61820.

2. Plaintiff Wolfram Alpha is a corporation organized and existing under the laws of the State of Delaware having its principal place of business at 100 Trade Center Dr. Champaign, Illinois 61820.

3. On information and belief, Lodsys is a Texas limited liability company and alleges to have a place of business at 505 East Travis Street, Suite 207, Marshall, Texas 75670. The Texas Secretary of State lists the corporate address of Lodsys, LLC as 800 Brazos, Suite 400, Austin, Texas 78701.

4. On information and belief, Mark Small is the Chief Executive Officer of Lodsys, LLC and is Lodsys's sole employee.

5. On information and belief, Mr. Small conducts Lodsys's business from an office located in Oconomowoc, Wisconsin, within this judicial district. Accordingly, on information and belief, Lodsys's primary place of business and/or headquarters is located within this judicial district.

6. On information and belief, Mr. Small lives and works in Wisconsin, holds a Wisconsin driver's license, is registered to vote in Wisconsin, and is a resident and a citizen of Wisconsin.

7. On information and belief, Lodsys owns U.S. Patent No. 5,999,908 ("the '908 patent"), U.S. Patent No. 7,133,834 ("the '834 patent"), U.S. Patent No. 7,222,078 ("the '078 patent") and U.S. Patent No. 7,620,565 ("the '565 patent") (collectively, the "Lodsys Patents"). A true and correct copy of each of the Lodsys Patents are attached hereto as Exhibits A-D, respectively.

## JURISDICTION AND VENUE

8. This is an action under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, for a declaration pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, that the Lodsys Patents are not infringed by Wolfram Research and/or Wolfram Alpha.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to patents). This Court has personal jurisdiction over Lodsys because it has constitutionally sufficient contacts with Wisconsin so as to make personal jurisdiction proper in this Court. Lodsys maintains an office within this district and conducts or solicits business within this district.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## GENERAL ALLEGATIONS

11. On April 26, 2011, Mr. Small on behalf of Lodsys sent a letter to Mr. Stephen Wolfram, Founder and CEO of both Wolfram Research and Wolfram Alpha. (Attached hereto as Exhibit E.) In that letter, Mr. Small alleged that Lodsys is the owner of the Lodsys Patents and stated the alleged applications and benefits of those patents. Further, Mr. Small alleged "[w]e have reviewed your use of the Lodsys Patents" and enclosed claim charts demonstrating one instance of the alleged use of the Lodsys Patents. Moreover, Mr. Small offered to license the Lodsys Patents as part of a licensing arrangement. A notice at the bottom of the April 26, 2011 letter provided that "Lodsys LLC reserves all rights with regard to the '908, '834, '078, and '565 patents, including: (1) the right to seek damages anytime within the last six years that your company started to make use of Lodsys' patented technology; (2) the right to change its royalty rates at any time; (3) the right to change this licensing program at any time without notice, including variance to conform to applicable laws."

12. The April 26, 2011 letter was directed to a company by the name of "Mathmatica" even though no such company exists. Wolfram Research manufactures a software product under the trade name "Mathematica" which provides an environment for technical computing. Wolfram research also publishes a journal under the name "Mathematica."

13. Attached to the April 26, 2011 letter was a claim chart directed at "Mathmatica – Wolfram Alpha" entitled: "Infringement Claim Chart for Claim 1 U.S. Pat. No. 7,222,078. The claim chart depicted a software program manufactured by Wolfram Alpha.

14. By virtue of Lodsys's actions, both Wolfram Research and Wolfram Alpha are in reasonable apprehension of an imminent patent infringement suit relating to the Lodsys Patents.

15. Both Wolfram Research and Wolfram Alpha deny that they infringe any valid claim of the Lodsys Patents.

16. An actual and justiciable controversy exists between Wolfram Research and Lodsys concerning whether Wolfram Research and/or its customers infringe any valid claim of the Lodsys Patents. Wolfram Research now seeks a declaratory judgment that it does not infringe any valid claim of the Lodsys Patents.

17. An actual and justiciable controversy also exists between Wolfram Alpha and Lodsys concerning whether Wolfram Alpha and/or its customers infringe any valid claim of the Lodsys Patents. Wolfram Alpha now seeks a declaratory judgment that it does not infringe any valid claim of the Lodsys Patents.

**FIRST CLAIM FOR RELIEF**
(Declaratory Judgment Of Non-infringement Of The '908 Patent)

18. Wolfram incorporates by reference paragraph 1 through 17 above as though fully set forth herein.

19. By virtue of Lodsys's Letter and attached claim chart, an actual controversy exists between Wolfram and Lodsys as to whether Wolfram's products and/or one or more Wolfram customers infringe the '908 patent.

20. Wolfram is not directly infringing, contributorily infringing, or actively inducing others to infringe valid claims of the '908 patent.

21. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of respective rights of the parties with respect to Wolfram's non-infringement of the '908 patent is necessary and appropriate under the circumstances.

**SECOND CLAIM FOR RELIEF**
(Declaratory Judgment Of Non-infringement Of The '834 Patent)

22. Wolfram incorporates by reference paragraph 1 through 21 above as though fully set forth herein.

23. By virtue of Lodsys's Letter and attached claim chart, an actual controversy exists between Wolfram and Lodsys as to whether Wolfram's products and/or one or more Wolfram customers infringe the '834 patent.

24. Wolfram is not directly infringing, contributorily infringing, or actively inducing others to infringe valid claims of the '834 patent.

25. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of respective rights of the parties with respect to Wolfram's non-infringement of the '834 patent is necessary and appropriate under the circumstances.

### THIRD CLAIM FOR RELIEF
(Declaratory Judgment Of Non-infringement Of The '078 Patent)

26. Wolfram incorporates by reference paragraph 1 through 25 above as though fully set forth herein.

27. By virtue of Lodsys's Letter and attached claim chart, an actual controversy exists between Wolfram and Lodsys as to whether Wolfram's products and/or one or more Wolfram customers infringe the '078 patent.

28. Wolfram is not directly infringing, contributorily infringing, or actively inducing others to infringe valid claims of the '078 patent.

29. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of respective rights of the parties with respect to Wolfram's non-infringement of the '078 patent is necessary and appropriate under the circumstances.

### FOURTH CLAIM FOR RELIEF
(Declaratory Judgment Of Non-infringement Of The '565 Patent)

30. Wolfram incorporates by reference paragraph 1 through 29 above as though fully set forth herein.

31. By virtue of Lodsys's Letter and attached claim chart, an actual controversy exists between Wolfram and Lodsys as to whether Wolfram's products and/or one or more Wolfram customers infringe the '565 patent.

32. Wolfram is not directly infringing, contributorily infringing, or actively inducing others to infringe valid claims of the '565 patent.

33. Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of respective rights of the parties with respect to Wolfram's non-infringement of the '565 patent is necessary and appropriate under the circumstances.

## PRAYER

WHEREFORE, Wolfram requests entry of judgment in its favor and against Lodsys as follows:

    a. For a declaration that Wolfram Research and Wolfram Alpha do not infringe any valid claim of the Lodsys Patents;

    b. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Wolfram hereby demands a trial by jury of all issues so triable in this action.

Dated this 9th day of August, 2011

/s/ Bradford P. Lyerla
Bradford P. Lyerla
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
312.923.2613

*Attorney for Plaintiffs*
*Wolfram Research Inc. and*
*Wolfram Alpha, LLC*