UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WOLFRAM RESEARCH, INC. and, WOLFRAM ALPHA LLC )<br>)<br>Plaintiffs )<br>)<br>v. )<br>LODSYS, LLC, )<br>)<br>Defendant ) | Civil Action No. 2:11-cv-00750-LA |

**DEFENDANT LODSYS, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1)**

Defendant Lodsys, LLC ("Lodsys") hereby moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the First, Second, and Fourth Claims for Relief against Lodsys in plaintiff Wolfram Research, Inc. and Wolfram Alpha LLC's (collectively, "Wolfram") Complaint for Declaratory Judgment (the "Complaint") for lack of subject matter jurisdiction. As permitted by Rule 12(b), Lodsys files this motion in lieu of an answer and without waiving its right to answer the allegations in Wolfram's Complaint and assert any applicable defenses, affirmative defenses, and counterclaims.

Wolfram's First, Second, and Fourth Claims for Relief seek a declaration of non-infringement of U.S. Patent Nos. 5,999,908 (the "'908 patent"), 7,133,834 (the "'834 patent"), and 7,620,565 (the "'565 patent"), respectively. But those claims fail to present a case or controversy among the parties regarding the '908 patent, the '834 patent, and the '565 patent. Therefore those claims must be dismissed under Rule 12(b)(1) for lack of declaratory judgment subject matter jurisdiction.

- 1 -

I.  **STATEMENT OF FACTS**

In its Complaint, Wolfram seeks a declaratory judgment regarding four patents owned by Lodsys — the '908 patent, the '834 patent, the '565 patent, and U.S. Patent No. 7,222,078 (the "'078 patent"). Compl. ¶¶ 7-8. In particular, Wolfram's First, Second, Third, and Fourth Claims for Relief seek a declaratory judgment that Wolfram does not infringe the '908 patent, the '834 patent, the '078 patent, and the '565 patent, respectively. Compl. ¶¶ 20-35.

In contending there is an actual controversy between the parties sufficient to furnish this Court with declaratory judgment subject matter jurisdiction, Wolfram alleges that Lodsys sent a letter to Wolfram offering to license the '908, the '834, the '565, and the '078 patents and included with the letter a claim chart detailing Wolfram Alpha LLC's infringement of the '078 patent. Compl. ¶¶ 11-17, 19, 23, 27, 31 and Ex. E. However, apart from the '078 patent, Wolfram does not allege that Lodsys's letter described that Wolfram is infringing the '908, the '834, or the '565 patent in particular, nor that Lodsys's letter detailed any specific infringement of those three patents by Wolfram.

II.  **ARGUMENT**

The Court should dismiss Wolfram's First, Second, and Fourth Claims for Relief because Wolfram fails to present the requisite case or controversy between the parties with respect to the '908 patent, the '834 patent, and the '565 patent.

For the Court to have subject matter jurisdiction to award declaratory relief, there must be "a case of actual controversy" among the parties. *See, e.g.*, 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 770-71 (2007). In particular, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. at 771 (quoting *Md. Cas. Co. v. Pac.*

*Coal & Oil Co.*, 61 S. Ct. 510, 512 (1941)). A party seeking declaratory judgment bears the burden of showing there is an actual case or controversy adequate to support jurisdiction. *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007) ("The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since."); *See also Applera Corp. v. Michigan Diagnostics, LLC*, 594 F. Supp. 2d 150, 158 (D. Mass. 2009); *Furminator, Inc. v. Ontel Prods. Corp.*, 246 F.R.D. 579, 584-85 (E.D. Mo. 2007).

While Wolfram's First, Second, and Fourth Claims for Relief seek declaratory judgment regarding non-infringement of the '908, '834, and '565 patents, Wolfram fails to show that an actual case or controversy between Wolfram and Lodsys exists regarding those three patents. Compl. ¶¶ 18-25, 30-33. Instead, Wolfram merely alleges that Lodsys sent Wolfram a letter that (1) stated in general "[w]e have reviewed your use of the Lodsys Patents"; (2) offered to license to Wolfram the '908, the '834, the '565, and the '078 patents; (3) reserved Lodsys's rights regarding the four patents; and (4) included a claim chart detailing Wolfram Alpha LLC's infringement of only one of the four patents — the '078 patent. Compl. ¶¶ 11, 13. Significantly, Wolfram does not allege that Lodsys's letter asserted and detailed any specific infringement of the '908, the '834, or the '565 patent by Wolfram.

This situation is not sufficient to create an actual case or controversy between the parties regarding the '908 patent, the '834 patent, and the '565 patent. For example, in *Applera Corporaton*, Applied Biosystems, the owner of sixty-two patents, sent letters to Michigan Diagnostics, in which Applied Biosystems (1) advised of its extensive patent portfolio; (2) listed the sixty-two patents; (3) urged Michigan Diagnostics to review those patents; (4) notified Michigan Diagnostics that it may be infringing Applied Biosystems' patents; and (5) suggested that the parties enter into licensing discussions. 594 F. Supp. 2d at 158-59. After the parties'

- 3 -

further discussions regarding the patents, Applied Biosystems sued Michigan Diagnostics for infringement of seven of the sixty-two patents. *Id*. at 159-60.  Michigan Diagnostics counterclaimed for declaratory judgment of non-infringement as to all sixty-two Applied Biosystems patents. *Id*. at 155.  But since Applied Biosystems had not made any specific allegations of infringement beyond the seven patents upon which it sued, the Court dismissed Michigan Diagnostics' declaratory judgment counterclaim as to all but those seven patents. *Id*. at 160.  The Court held that it was "far from clear" from the parties' interactions "that any dispute actually exists as to the fifty-five patents [and that a]s to them it may be fairly said that Michigan Diagnostics is essentially seeking an advisory opinion." *Id*.

Likewise, in *Furminator, Inc.*, the Court held that it lacked declaratory judgment jurisdiction over counterclaims for non-infringement of one of the plaintiff's patents (the "#076 patent"), even though the plaintiff purportedly threatened to enforce the #076 patent against the defendant and sued the defendant for infringement of a different patent.  246 F.R.D. at 589-90, 596-99.  The Court based its holding on, *inter alia*, the fact that "there is no evidence plaintiff has made a claim to the defendants that identifies how the new product infringes specific claims of the #076 patent" — which assertion is similarly absent in Wolfram's allegations with respect to the '908, the '834, and the '565 patents. *Id*. at 597; *see also Research Elecs. & Devices Co. v. Neptune Meter Co.*, 156 F. Supp. 484, 485 (S.D.N.Y. 1957) ("The law is sufficiently clear that the mere act of calling a competitor's attention to his alleged infringement of a specific patent does not by itself call into contest the infringement of other patents, and as to these other patents no justiciable controversy exists.").

Accordingly, Wolfram fails to meet its burden of showing a sufficient case or controversy for declaratory relief jurisdiction regarding the '908 patent, the '834 patent, and the '565 patent.

Wolfram's First, Second, and Fourth Claims for Relief regarding those patents should therefore be dismissed under Rule 12(b)(1).

**III.   CONCLUSION**

For the reasons set forth above, Lodsys respectfully requests that the Court dismiss Wolfram's First, Second, and Fourth Claims for Relief against Lodsys.

Dated this 7th day of October, 2011.

        s/Aaron T. Olejniczak
        Aaron T. Olejniczak (#1034997)
        ANDRUS, SCEALES, STARKE & SAWALL, LLP
        100 East Wisconsin Avenue, Suite 1100
        Milwaukee, WI 53202
        Telephone: 414-271-7590
        Facsimile: 414-271-5770
        E-mail: aarono@andruslaw.com

        Michael A. Goldfarb
        Christopher M. Huck
        Kit W. Roth
        Kelley, Donion, Gill, Huck & Goldfarb, PLLC
        701 Fifth Avenue, Suite 6800
        Seattle, WA 98104
        Telephone: 206-452-0260
        Facsimile: 206-397-3062
        E-mail: goldfarb@kdg-law.com
               huck@kdg-law.com
               roth@kdg-law.com

        Attorneys for Defendant Lodsys, LLC