IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WOLFRAM RESEARCH, INC. and WOLFRAM ALPHA LLC | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:11-cv-00750-NJ ) |
| LODSYS, LLC | ) Judge Lynn Adelman ) ) |
| Defendant. | ) ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT LODSYS, LLC'S MOTION TO DISMISS UNDER FRCP 12(b)(1)**

Defendant Lodsys, LLC's ("Lodsys") Motion To Dismiss Under FRCP 12(b)(1) ("Motion To Dismiss") is baseless and against clear Federal Circuit precedent. In its Motion To Dismiss, Lodsys moves to dismiss Plaintiffs Wolfram Research, Inc. and Wolfram Alpha LLC's ("Wolfram's") declaratory judgment claims as to three of four patents for lack of subject matter jurisdiction claiming there is no case or controversy regarding those three patents even though Lodsys previously accused Wolfram of infringement of all four patents. This accusation alone is sufficient to create declaratory judgment jurisdiction. *Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 96 (1993). (If "a party has actually been charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support [declaratory judgment] jurisdiction.") Moreover, Lodsys's Motion to Dismiss is futile because it is likely that Lodsys will reassert the three patents it seeks to dismiss against Wolfram either as part of this case or in a new case. Thus, for the sake of judicial efficiency and conserving party resources, Lodsys should be compelled to litigate those patents now or never.

1

I.  BACKGROUND

Lodsys is a non-practicing entity whose sole source of income is derived from licensing its four patents: U.S. Patent Nos. 5,999,908 (the "'908 Patent"), 7,133,834, (the "'834 Patent") 7,222,078 (the "'078 Patent") and 7,620,565 (the "'565 Patent") (collectively, the "Lodsys Patents".)  All four patents have the same named inventor, Dan Abelow, and generally relate to "systems and methods for providers of products and/or services to interact with users of those products and services to gather information from those users and transmit that information to the provider."  (http://www.lodsys.com/our-patents.html.)  It is understood that Lodsys's sole employee, Mark Small, conducts Lodsys's business from an office located in Oconomowoc, Wisconsin.  As such, Lodsys's primary place of business and/or headquarters is located within this judicial district.

Lodsys opened a place of business in Marshall, Texas, presumably to take advantage of the Eastern District of Texas's reputation as a patentee friendly forum.  Even though its business operations are located in Wisconsin, beginning on February 11, 2011, Lodsys began filing patent infringement actions in the Eastern District of Texas.  (Ex. A, Docket for 2:11-cv-00090-DF.)  In total, Lodsys filed four cases in the Eastern District of Texas involving 35 defendants, as summarized in the table below:

| Case No. | Filing Date | Patents | Defendants |
| --- | --- | --- | --- |
| 2:11-cv-00090-DF (Ex. A.) | 2/11/11 | '565, '078 and '908 | Brother International Corporation, Canon U.S.A., Inc., Hewlett-Packard Company, Hulu, LLC, Lenovo (United States) Inc., Lexmark International, Inc., Motorola Mobility, Inc., Novell, Inc., Samsung Electronics America, Inc., Samsung Electronics Co., LTD., Samsung Telecommunications America, LLC, and Trend Micro Incorporated |
| 2:11-cv-00272-DF (Ex. B.) | 5/31/11 | '565 and '078 | Combay, Inc., Iconfactory, Inc., Illusion Labs AB, Michael G. Karr d/b/a Shovelmate, Quickoffice, Inc., Richard Shinderman, and Wulven Game Studios |

2

| Case No. | Filing Date | Patents | Defendants |
|---|---|---|---|
| 2:11-cv-00283-DF (Ex. C.) | 6/10/11 | '078 and '908 | BBY Solutions, Inc., Best Western International, Inc., CVS Caremark Corporation, Sam's West, Inc., Stanley, Black & Decker, Inc., The Container Store, Inc., The Teaching Company, LLC, Vegas.com, LLC, Vitamin Shoppe, Inc., and adidas America, Inc. |
| 2:11-cv-00309-DF (Ex. D.) | 7/5/11 | '565, '078 and '908 | DriveTime Automotive Group, Inc., ESET, LLC, ForeSee Results, Inc., LivePerson, Inc., OpinionLab, Inc., and The New York Times Company |

Two months after initiating its first lawsuit in the Eastern District of Texas, on April 26, 2011, Lodsys sent Wolfram a letter claiming that Wolfram infringes the four Lodsys Patents, the header of which is shown below:

> **Lodsys LLC**
>
> April 26, 2011
>
> Via Federal Express
> Mr. Stephen Wolfram
> Mathmatica
> 100 Trade Center Drive
> Shampaign, IL 61820
>
> Dear Mr. Wolfram,
>
> Re: Infringement of U.S. Patent Nos. 5,999,908, 7,133,834, 7,222,078, and 7,620,565 (Abelow)

(Ex. E.) The letter continues to state that Lodsys has "reviewed *your use of the Lodsys Patents* and have prepared the enclosed claim chart demonstrating at least one instance of how you utilize the inventions embodied in the Lodsys patents." (*Id*.)(emphasis added) Additionally, the letter provides that "the charts are representative only" and Wolfram "should consider the remaining claims of that patent and the other Lodsys Patents both with respect to the charted utilization and to other products and services offered by you." (*Id*.) The letter also includes a list of companies who previously chose to license the Lodsys Patents. (*Id*.) After requesting a

3

conversation about a license within 21 days of receipt of the letter, Lodsys concludes that it "has retained the firms of Kelly, Donion, Gill, Huck & Goldfarb PLLC (www.kdg-law.com) based in Seattle, Washington, and the Davis Firm, P.C. (www.bdfirm.com) based in Longview, Texas, to assist the company in the licensing of the Lodsys Patents." (*Id.*)

By comparison to Lodsys, Wolfram Research, founded in 1987, is one of the world's most respected software companies—as well as a powerhouse of scientific and technical innovation. As a pioneer in computational science and the computational paradigm, Wolfram Research is responsible for the Mathematica software which is the world's most powerful global computation system with millions of dedicated users throughout the technical and educational communities internationally. Wolfram Alpha marks a new endeavor for Stephen Wolfram and his team. Wolfram Alpha is a knowledge engine responsible, among other things, for powering the new Siri feature of the Apple iPhone. Both Wolfram Research and Wolfram Alpha are based and headquartered in Champaign, Illinois.

## II. ARGUMENT

Lodsys's April 26, 2011 letter put Wolfram in sufficient apprehension of litigation regarding the '908, '834 and '565 Patents that under Supreme Court and Federal Circuit precedent, Wolfram has standing to bring the first, second and fourth claims of its Complaint. Moreover, Lodsys's Motion should be denied as futile because, even if the '908, '834 and '565 Patents are dismissed, it is likely that Lodsys will assert them later in this litigation or in another action, perhaps in another venue.

### a. Lodsys's Infringement Allegations Confer Declaratory Judgment Subject Matter Jursidiction

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a party may seek a declaration of its rights where any "actual controversy" exists. An Article III case or controversy exists when

4

"the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)(internal quotation marks and citation omitted). "[W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). If "a party has actually been charged with infringement of the patent, there is, necessarily, a case or controversy adequate to support [declaratory judgment] jurisdiction." *Cardinal Chem.* 508 U.S. at 96. Moreover, "conduct that can be reasonably inferred as demonstrating intent to enforce a patent can create declaratory judgment jurisdiction." *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009)

Here, Lodsys sent a letter to Wolfram which accused Wolfram of "[i]nfringement of U.S. Patent Nos. 5,999,908, 7,133,834, 7,222,078 and 7,620,565." (Ex. E.) The letter notified Wolfram that Lodsys had "reviewed your use of the Lodsys Patents" and that Wolfram had retained legal counsel to assist it in licensing its patents. (*Id.*) Such statements are sufficient to establish a case or controversy as to the '908, '834 and '565 Patents. *Hewlett-Packard*, 587 F.3d at 1364 (invitation to discuss licensing terms for a patent confers declaratory judgment jurisdiction); *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 901 (Fed. Cir. 2008) (finding declaratory judgment jurisdiction existed because of the patent holder's threatening letters and public activity indicating an aggressive litigation strategy); *Renaissance Learning,*

5

*Inc. v. Doe*, 2011 U.S. Dist. LEXIS 136700, *13-14 (W.D. Wis. Nov. 29, 2011) (declaratory judgment jurisdiction existed based on a letter which stated that "[a]n analysis of [the accused infringer's] products shows that your company makes, uses, or sells products or services that would benefit from a license to certain of our client's patents" and invited the accused infringer to enter into licensing negotiations.)

Moreover, Lodsys is a non-practicing entity and has filed numerous recent lawsuits involving the '908, '834 and '565 Patents which elevates the significance of the allegations in its letter. *Hewlett-Packard*, 587 F.3d at 1362 (a letter from a non-practicing entity invokes "a different reaction than would a meet-and-discuss inquiry by a competitor, presumably with intellectual property of its own to place on the bargaining table."); *Renaissance Learning*, 2011 U.S. Dist. LEXIS 136700 at *11 (a letter from a non-practicing is indicative of a willingness to litigate).

Lodsys's counter-argument that "Wolfram does not allege that Lodsys's letter described that Wolfram is infringing the '908, the '834, or the '565 patent [sic] in particular, nor that Lodsys's letter detailed any specific infringement of those three patents by Wolfram" is unpersuasive. (D.I. 8 at 2.) Notably, nowhere in Lodsys's Motion to Dismiss does Lodsys state that it did not accuse Wolfram of infringement of the '908, the '834, or the '565 Patents. Instead, Lodsys limits its denial simply to its interpretation of the allegations contained in Wolfram's complaint. But Lodsys' wordsmithing will not avoid declaratory judgment jurisdiction. *Hewlett-Packard Co.*, 587 F.3d at 1362 ("The purpose of a declaratory judgment action cannot be defeated simply by the stratagem of a correspondence that avoids the magic words such as 'litigation' or 'infringement.'")

Finally, the cases cited by Lodsys are non-controlling precedent and are easily distinguishable. The two cases primarily relied upon by Lodsys, *Applera Corp. v. Michigan Diagnostics, LLC*, 594 F. Supp. 2d 150 (D. Mass. 2009) and *Furminator, Inc. v. Ontel Prods. Corp.*, 246 F.R.D. 579 (E.D. Mo. 2007) are both non-controlling district court decisions issued before the Federal Circuit's *Hewlett-Packard* decision discussed above. In any event, *Applera* is distinguishable because the letters which were alleged to confer declaratory judgment jurisdiction did not include an express reference to infringement of the patents in question. *Applera Corp.*, 594 F. Supp. 2d at 158-59. Similarly, *Furminator* is distinguishable because it relates to an alleged oral threat from the patent holder that it will file suit on "other patents." *Furminator*, 246 F.R.D. at 596. Unlike the allegations in *Furminator*, Lodsys's letter specifically identifies the '908, '834 and '565 Patents as infringed by Wolfram.

Lodsys's April 26, 2011 letter created a definite and concrete controversy whether Wolfram infringed the '908, '834 and '565 Patents. Thus, Wolfram is entitled to its declaratory judgment action to remove any cloud of uncertainty placed over its business by Lodsys's allegations.

### b. Lodsys's Motion To Dismiss Is Futile

Not only is Lodsys's Motion To Dismiss baseless, but it is also futile and threatens to waste judicial and party resources. It is uncontroverted that Lodsys notified Wolfram of its potential infringement of the Lodsys Patents and sought licensing revenue for all four patents. Thus, if Wolfram's claims are dismissed as to the '908, '834 and '565 Patents, it is not unlikely that Lodsys will reassert those patents in this litigation or in a future litigation in an attempt to extort licensing revenue from Wolfram. Allowing Lodsys to assert the '908, '834 and '565 Patents against Wolfram later will delay this litigation or result in an entirely new largely

7

duplicative litigation. Either result will waste judicial and party resources.[1]  Instead, if Lodsys wants to remove the '908, '834 and '565 Patents from dispute with certainty, it should provide Wolfram a covenant not to sue on those Patents and obviate the need for declaratory judgment jurisdiction. Absent such a covenant, the Court should not grant Lodsys's Motion To Dismiss.

### III. CONCLUSION

The Court should deny Lodsys's Motion To Dismiss because Lodsys's April 26, 2011 letter created an actual controversy between the parties as to whether Wolfram infringes the '908, '834 and '565 Patents. Moreover, granting Lodsys's Motion is futile and will likely cause additional disputes between the parties in the future.

Dated: December 16, 2011

Respectfully Submitted,

/s/ Bradford P. Lyerla
Bradford P. Lyerla
Benjamin J. Bradford
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
E-mail: blyerla@jenner.com
E-mail: bbradford@jenner.com

*Attorneys for Plaintiffs*
*Wolfram Research Inc. and*
*Wolfram Alpha, LLC*

---

[1] Moreover, Lodsys's Motion to Dismiss also contravenes the purpose of the declaratory judgment act to "enable resolution of active disputes." *Capo, Inc. v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352, 1357-58 (Fed. Cir. 2004). Indeed, a declaratory judgment action is not subject to dismissal when "there is an actual controversy and a declaratory judgment would settle the legal relations in the dispute and afford relief from uncertainty or insecurity." *Id.* (quoting *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)). Here, if the Court grants Lodsys's Motion to Dismiss, a controversy will remain whether Wolfram infringes the '908, '834 and '565 Patents and, thus, cause Wolfram uncertainty and insecurity as to whether its business operations are accused of infringing other of Lodsys' intellectual property rights.

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT LODSYS, LLC'S MOTION TO DISMISS UNDER FRCP 12(b)(1)** was served on December 16, 2011 via the Court's ECF System:

**Aaron T Olejniczak**
Andrus Sceales Starke & Sawall LLP
100 E Wisconsin Ave - Ste 1100
Milwaukee, WI 53202
414-271-7590
Fax: 414-271-5770
Email: aarono@andruslaw.com

**Chris Huck**
Kelley Donion Gill Huck & Goldfarb PLLC
701 5th Ave - Ste 6800
Seatlle, WA 98104
206-452-0260
Fax: 206-397-3062

                                                /s/  Benjamin J. Bradford

9

Case 2:11-cv-00750-LA   Filed 12/16/11   Page 9 of 9   Document 14