UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WOLFRAM RESEARCH, INC. and WOLFRAM ALPHA LLC | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 2:11-cv-00750-LA ) |
| LODSYS, LLC | ) ) |
| Defendant. | ) ) |

**DEFENDANT LODSYS, LLC'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1)**

Defendant Lodsys, LLC ("Lodsys") respectfully submits this reply memorandum in support of Lodsys' Motion to Dismiss Under FRCP 12(b)(1) (Dkt. #7) (the "Motion").

Plaintiffs Wolfram Research, Inc. and Wolfram Alpha LLC (collectively, "Wolfram") have failed to meet their burden of showing that declaratory judgment jurisdiction exists over their claims for declaratory judgment regarding the '908, '834, and '565 patents.[1] As discussed in Lodsys' Memorandum in Support of the Motion (Dkt. 8) (the "Memorandum"), a patent owner's specific, particularized assertions that a certain patent is infringed (here, the '078 patent), accompanied by an invitation to license an entire portfolio, does not extend declaratory judgment jurisdiction to the other patents in the portfolio (here, the '908, '834, and '565 patents). Memorandum at 3-4 (citing *Applera Corp. v. Michigan Diagnostics, LLC*, 594 F. Supp. 2d 150, 158-160 (D. Mass. 2009), *Furminator, Inc. v. Ontel Prods. Corp.*, 246 F.R.D. 579, 589-90 (E.D.

---

[1] Wolfram's First, Second, and Fourth Claims for Relief seek a declaration of non-infringement of the '908, '834, and '565 patents, respectively.

- 1 -

Mo. 2007), and *Research Elecs. & Devices Co. v. Neptune Meter Co.*, 156 F. Supp. 484, 485 (S.D.N.Y. 1957)).

Numerous other cases confirm the well-reasoned holdings in *Applera*, *Furminator*, and *Research Electronics*. *See, e.g.*, *Black & Decker Inc. v. Robert Bosch Tool Corp.*, 371 F. Supp. 2d 965, 968-69 (N.D. Ill. 2005) ("Courts have found that no actual controversy existed regarding patent claims that the patentee did not assert, even when the patentee was asserting other claims *from that same patent*.") (emphasis added); *SanDisk Corp. v. Audio MPEG, Inc.*, C06-02655 RMW, 2007 WL 30598 at *2-6 (N.D. Cal. Jan. 3, 2007) (where patent owner notified party that the party's products implement patent owner's technology, accused the party of infringement, offered to license a portfolio of thirteen patents to the party, and sued the party for infringement of four of the thirteen patents in the portfolio, court nonetheless lacked subject matter jurisdiction over the party's declaratory judgment claims regarding the nine other patents in the portfolio).

Wolfram attempts to distinguish *Applera* and *Furminator* by alleging that Lodsys' notice letter generally identified the '908, '834 and '565 patents as infringed. Plaintiff's Opposition to Defendant Lodsys, LLC's Motion to Dismiss Under FRCP 12(b)(1) (Dkt. 14) (the "Opposition") at 7. But *Applera* and *Furminator* make clear that more is needed to create declaratory judgment jurisdiction — namely the patent owner must make specific, particularized assertions of infringement, which are not present here regarding the '908, '834, and '565 patents. *Applera*, 594 F. Supp. 2d at 160 ("The problem that arises when the other side does not sue … is not a problem, or at least not the same problem, when the other side has not made any particularized suggestion of infringement and may never sue. [The patent owner] broadly, and with some palpable bravura, suggested a review of its entire patent portfolio, but it did not make any specific allegations of infringement except within its pleading in this lawsuit.") (internal quotation omitted); *Furminator*, 246 F.R.D. at 589-90 (dismissing declaratory judgment

- 2 -

Case 2:11-cv-00750-LA   Filed 01/18/12   Page 2 of 5   Document 15

Mo. 2007), and *Research Elecs. & Devices Co. v. Neptune Meter Co.*, 156 F. Supp. 484, 485 (S.D.N.Y. 1957)).

Numerous other cases confirm the well-reasoned holdings in *Applera*, *Furminator*, and *Research Electronics*. *See, e.g.*, *Black & Decker Inc. v. Robert Bosch Tool Corp.*, 371 F. Supp. 2d 965, 968-69 (N.D. Ill. 2005) ("Courts have found that no actual controversy existed regarding patent claims that the patentee did not assert, even when the patentee was asserting other claims *from that same patent*.") (emphasis added); *SanDisk Corp. v. Audio MPEG, Inc.*, C06-02655 RMW, 2007 WL 30598 at *2-6 (N.D. Cal. Jan. 3, 2007) (where patent owner notified party that the party's products implement patent owner's technology, accused the party of infringement, offered to license a portfolio of thirteen patents to the party, and sued the party for infringement of four of the thirteen patents in the portfolio, court nonetheless lacked subject matter jurisdiction over the party's declaratory judgment claims regarding the nine other patents in the portfolio).

Wolfram attempts to distinguish *Applera* and *Furminator* by alleging that Lodsys' notice letter generally identified the '908, '834 and '565 patents as infringed. Plaintiff's Opposition to Defendant Lodsys, LLC's Motion to Dismiss Under FRCP 12(b)(1) (Dkt. 14) (the "Opposition") at 7. But *Applera* and *Furminator* make clear that more is needed to create declaratory judgment jurisdiction — namely the patent owner must make specific, particularized assertions of infringement, which are not present here regarding the '908, '834, and '565 patents. *Applera*, 594 F. Supp. 2d at 160 ("The problem that arises when the other side does not sue … is not a problem, or at least not the same problem, when the other side has not made any particularized suggestion of infringement and may never sue. [The patent owner] broadly, and with some palpable bravura, suggested a review of its entire patent portfolio, but it did not make any specific allegations of infringement except within its pleading in this lawsuit.") (internal quotation omitted); *Furminator*, 246 F.R.D. at 589-90 (dismissing declaratory judgment

counterclaims as to plaintiff's patents where "there is no evidence plaintiff has made a demand to the defendants that identifies how any new product infringes *specific* claims of any of plaintiff's patents … there is no evidence in this case that plaintiff has *explicitly identified* the patents it believes the defendants are infringing, the *relevant claims* of those patents, or the *relevant product* that it alleges infringes those patents") (emphasis added).  Thus, Wolfram has failed to show that the reasoning in *Applera* and *Furminator* is inapplicable to this litigation.

In contrast, the decisions cited by Wolfram *are* distinguishable.  *See* Opposition at 5-7 (citing *Cardinal Chemical Co. v. Morton Intern., Inc.*, 508 U.S. 83, 113 S. Ct. 1967, 124 L. Ed. 2d 1 (1993), *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358 (Fed. Cir. 2009), *Micron Technology, Inc. v. MOSAID Technologies, Inc.*, 518 F.3d 897 (Fed. Cir. 2008), and *Renaissance Learning, Inc. v. Doe No. 1*, No. 11-cv-166-SLC, 2011 WL 5983299 (W.D. Wis. Nov. 29, 2011)).  In particular, the decisions cited by Wolfram concerned whether there was a case or controversy between the parties, without deciding the question, salient to this litigation, of whether a case or controversy regarding a particular patent in a portfolio can spill over to confer declaratory judgment jurisdiction over the other patents in the portfolio.  Here, Lodsys does not challenge the Court's declaratory judgment jurisdiction over Wolfram's claims regarding the '078 patent, given Lodsys's notice letter and claim chart detailing Wolfram's infringement of the '078 patent.  But Wolfram has not carried its burden of showing that jurisdiction also encompasses the '908, '834, and '565 patents.

Moreover, *Cardinal Chemical* is also distinguishable because in that case, the Court found there was declaratory judgment jurisdiction over the defendant's *counterclaims* for infringement of certain patents, given that the patent owner had sued the defendant for infringement of those particular patents and thereby the defendant had "actually been charged with infringement" of the patents.  *Cardinal Chemical*, 508 U.S. at 86, 96.  It suffices to say that

- 3 -

Lodsys has not sued Wolfram for infringement of any patent, let alone the '908, '834, and '565 patents.[2]

Likewise, *Hewlett Packard* is distinguishable for the additional reason that, in determining there was a case or controversy between the patent owner and HP, the *Hewlett Packard* Court found persuasive that the patent owner's communications with HP requested that HP refrain from commencing a declaratory judgment action, but, at the same time, the patent owner refused HP's proposal of a 120-day standstill during which the patent owner would not sue HP. *Hewlett-Packard*, 587 F.3d at 1362-64. In contrast, no litigation standstill proposals were made or rejected by Lodsys or Wolfram here.

Finally, in *Renaissance Learning*, unlike here, the patent owner's communications with the declaratory judgment plaintiff (1) indicated that the patent owner would "identify specific patents and provide information outlining the basis for the infringement claims against [the plaintiff's] products or services," (2) characterized licensing discussions as a way to avoid "resorting to litigation," and (3) included a "demand for a one-sided forbearance agreement that required that [the plaintiff] not file suit but imposed no reciprocal obligation on [the patent owner]" — all of which the *Renaissance* Court found persuasive in concluding that the plaintiff had met its burden of showing a case or controversy between the parties. *Renaissance Learning*, 2011 WL 5983299 at *2-4.

Lastly, Wolfram chides Lodsys for focusing, in its Motion, on the allegations contained in Wolfram's complaint. Opposition at 6. But Lodsys' focus is entirely proper, as "[t]he facts giving rise to jurisdiction over a declaratory judgment action 'should be found in the complaint.'" *Audio MPEG*, 2007 WL 30598 at * 3 (quoting *Int'l Med. Prosthetics Research*

---

[2] Incidentally, Wolfram's contention that Lodsys has filed numerous recent lawsuits against other parties involving the '834 patent is flatly wrong. Opposition at 6. In fact, Lodsys has not filed any lawsuits to enforce the '834 patent, as Wolfram's table at pages 2 and 3 of the Opposition confirms.

- 4 -

*Assocs., Inc. v. Gore Enter. Holdings, Inc.*, 787 F.2d 572, 576 n.8 (Fed. Cir. 1986)). It is Wolfram who bears the burden of showing there is an actual case or controversy adequate to support declaratory judgment jurisdiction. *See, e.g.*, *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007).

Accordingly, Lodsys respectfully requests that this Court dismiss Wolfram's First, Second, and Fourth Claims for Relief under FRCP 12(b)(1) for lack of subject matter jurisdiction.

Dated this 18th day of January, 2012.

s/Aaron T. Olejniczak
Aaron T. Olejniczak (#1034997)
ANDRUS, SCEALES, STARKE & SAWALL, LLP
100 East Wisconsin Avenue, Suite 1100
Milwaukee, WI 53202
Telephone: 414-271-7590
Facsimile: 414-271-5770
E-mail: aarono@andruslaw.com

Chris Huck
Kelley, Donion, Gill, Huck & Goldfarb, PLLC
701 Fifth Avenue, Suite 6800
Seattle, WA 98104
Telephone: 206-452-0260
Facsimile: 206-397-3062
E-mail: huck@kdg-law.com
Attorneys for Defendant Lodsys, LLC
